1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   SHANNA RAE JEFFERY,

8                          Plaintiff,              NO:  12-CV-0358-TOR

9          v.                                      ORDER GRANTING DEFENDANT'S
                                                    MOTION FOR SUMMARY
10  CAROLYN W. COLVIN, Acting                       JUDGMENT
    Commissioner of Social Security
11  Administration,

12                         Defendant.

13

14         BEFORE THE COURT are the parties cross-motions for summary judgment

15  (ECF Nos. 16 and 18).  Plaintiff is represented by Randy J. Fair.  Defendant is

16  represented by Summer Stinson.  The Court has reviewed the administrative record

17  and the parties' completed briefing and is fully informed.  For the reasons

18  discussed below, the Court grants Defendant's motion and denies Plaintiff's

19  motion.

20  //

    ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id*., at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in

"substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above.  *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such

work "exists in significant numbers in the national economy."  20 C.F.R.

§ 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for supplemental security income (SSI) benefits on April 9, 2009, alleging an onset date of April 9, 2009.  Tr. 94-98.  Her claims were denied initially and on reconsideration.  Tr.  58-61, 65-66.  Plaintiff appeared for a hearing before an administrative law judge on February 9, 2011.  Tr. 73-77.  The ALJ issued a decision on March 22, 2011, finding that Plaintiff was not disabled under the Social Security Act.  Tr. 16-22.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 9, 2009, the alleged onset date.  Tr. 18.  At step two, the ALJ found that Plaintiff had medically determinable impairments consisting of mixed anxiety-depression disorder, poly substance dependence in remission, substance induced psychotic disorder – stable on medications, but that none of these impairments (whether alone or considered in combination) significantly limited Plaintiff's ability to perform basic work-related activities for twelve consecutive months.  Tr. 18.  In light of this step two finding, the ALJ denied Plaintiff's application for benefits.

On March 24, 2011, Plaintiff requested review of the ALJ's decision by the Appeals Council.  Tr. 11-12.  The Appeals Council denied Plaintiff's request for review on March 21, 2012, Tr. 1-4, making the ALJ's decision the Commissioner's final decision that is subject to judicial review.  42 U.S.C. §§ 405(g), 1383(c)(3);  20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income under Title XVI of the Social Security Act. Plaintiff has articulated her challenges to the ALJ's decision as follows: "[Plaintiff] disagrees with the [ALJ's] third finding, essentially stating that [Plaintiff] has no limitations, and [Plaintiff] also disagrees with the [ALJ's] failure to find depressive disorder and schizoaffective disorder as severe impairments."  ECF No. 17 at 2. The Court understands Plaintiff to have raised two issues for review:

1. Whether the ALJ erred in rejecting Plaintiff's testimony concerning the nature and severity of her medical conditions; and

2. Whether the ALJ erred in rejecting the opinion of physician's assistant Ben Murrell that Plaintiff suffered from depression and schizoaffective disorder.

///

///

///

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

DISCUSSION

**A. Adverse Credibility Determination**

In social security proceedings, a claimant must prove the existence of physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. § 416.908. A claimant's statements about his or her symptoms alone will not suffice. 20 C.F.R. §§ 416.908; 416.927. Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," 20 C.F.R. § 416.929(b), the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

In the event that an ALJ finds the claimant's subjective assessment unreliable, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). In making such a determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

testimony or between his testimony and his conduct; (3) the claimant's daily living

activities; (4) the claimant's work record; and (5) testimony from physicians or

third parties concerning the nature, severity, and effect of the claimant's condition.

*Id.* If there is no evidence of malingering, the ALJ's reasons for discrediting the

claimant's testimony must be "specific, clear and convincing." *Chaudhry v.*

*Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). The

ALJ "must specifically identify the testimony she or he finds not to be credible and

must explain what evidence undermines the testimony." *Holohan v. Massanari*,

246 F.3d 1195, 1208 (9th Cir. 2001).

Here, the ALJ found that Plaintiff's claim of total disability stemming from

her mental conditions was inconsistent with (1) her activities of daily living; (2) the

objective medical evidence of record; and (3) Plaintiff's own testimony. After

noting several specific inconsistencies in each of these categories, the ALJ stated:

> In terms of [Plaintiff's] alleged medical complaints, they are not
> supported by medical findings and they are contradicted by medical
> doctors, the assessments of the consultative examiner, and the
> claimant's own activities. [Plaintiff] has sought out treatment and it
> has been noted on numerous occasions that she has maintained
> stability with the aid of counseling and medication. [Plaintiff] herself
> has reported that she is doing well and despite some instance[s] of
> depression, her medications significantly help her.

Tr. 20-21. In evaluating the "Paragraph B" criteria for Listing 12.00C, the ALJ

further observed:

[With regard to activities of daily living], [Plaintiff] reported to the psychological examiner that on a daily basis she wakes up, drinks a cup of coffee, makes her son breakfast, and cleans her house. Throughout the day, she makes phone calls, goes grocery shopping, and watches television.  [Plaintiff] is able to take care of personal needs including bathing and grooming.  She is able to manage money and reported having reasonably good skills budgeting her money, and paying her bills independently.

\* \* \*

[With regard to problems with concentration, persistence or pace], [t]he psychological examination revealed that [Plaintiff] has an adequate attention span, and demonstrated no significant impairment in her ability to understand, remember, or carry out simple instructions.  She was able to focus on the questions asked without becoming confused.  Her ability to continue with low-level attention over an extended period was assessed to be sufficiently long. [Plaintiff's] ability to understand, remember, and carry out more complex instructions, such as multi-tasking on multiple step tasks, was assessed as unimpaired.

Tr. 21-22.

The Court finds that the above statements qualify as specific, clear and convincing reasons for rejecting Plaintiff's asserted limitations.  As the ALJ correctly noted, Plaintiff's claimed inability to handle a 40-hour workweek due to depression and schizoaffective disorder is simply belied by virtually all objective evidence of record.  Thus, the ALJ did not err in rejecting Plaintiff's testimony.

**B. Rejection of Mr. Murrell's Opinions**

As a physician's assistant, Mr. Murrell is not an "acceptable medical source" within the meaning of 20 C.F.R. § 416.913(a).  SSR 06-03p, 2006 WL 2329939 at

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

*2 (nurse practitioners and physician assistants are not "acceptable medical sources" under § 416.913(a)).  Instead, Mr. Murrell qualifies an "other source" as defined in 20 C.F.R. § 416.913(d).  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Because Mr. Murrell is an "other source" rather than an "acceptable medical source," his opinions about the nature and severity of Plaintiff's impairments are not entitled to controlling weight.  SSR 06-03p, 2006 WL 2329939 at *2; 20 C.F.R. § 416.927(a)(2).  The ALJ need only have provided "germane reasons" for rejecting Mr. Murrell's opinions.  *Molina*, 674 F.3d at 1111.

Mr. Murrell performed a disability evaluation of Plaintiff in June 2009.  Tr. 567-68.  Mr. Murrell noted that Plaintiff has a "history of schizoaffective disorder that is likely hereditary as well as from [sic] a history of substance abuse."  Tr. 567.  He further noted a previous medical history of, *inter alia*, schizoaffective disorder, depression and substance abuse.  Tr. 567.  Mr. Murrell diagnosed Plaintiff with "schizoaffective disorder, stable" and "depression, stable."  Tr. 567.  Based upon this assessment, Mr. Murrell "continue[d] to support total disability due to [Plaintiff's] mental disorder."  Tr. 568.

In rejecting Mr. Murrell's opinions, the ALJ stated:

Despite Mr. Murrell's support of total disability, during a consultative examination in August 2009, Dr. Genthe reported that [Plaintiff] was cooperative, friendly, and able to provide an appropriate amount of information.  [Plaintiff's] mood was euthymic and her affect was bright.  Based on his examination[,] Dr. Genthe indicated that [Plaintiff's] schizophrenia or schizoaffective disorder were very

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

unlikely since she was not experiencing psychotic symptoms prior to her substance abuse. In fact, [Plaintiff] has reported that her depression was now being effectively managed with medication and she presented with an overall normal mental status.

\*   \*   \*

As for the opinion evidence, Mr. Murrell opined that [Plaintiff's] ability to work was limited by her inability to follow instructions, interact with others, and cope with stressful situations. Mr. Murrell determined that the claimant was unable to perform work related activities, but could drive herself and should continue on her medications and follow-up visits for treatment. Mr. Murrell's opinion is given little weight because it is inconsistent with the medical record and because Mr. Murrell is not an acceptable medical source. On numerous occasions it was reported that [Plaintiff] was doing well and that her medication kept her stable.

Tr. 20-21.

The statements above qualify as "germane reasons" for rejecting Mr. Murrell's opinions. *See Molina*, 674 F.3d at 1111 (rejection of a physician assistant's opinion on the ground that it conflicts with that of a doctor "who specialize[s] in the relevant field" qualifies as a germane reason). The ALJ did not err in affording "little weight" to Mr. Murrell's opinions.

Accordingly, **IT IS HEREBY ORDERED:**

    1. Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**.

    2. Defendant's Motion for Summary Judgment (ECF No. 18) is

        **GRANTED**.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

3.  The hearing on the parties' cross-motions for summary judgment

currently scheduled for May 27, 2014, is **VACATED**.

The District Court Executive is hereby directed to file this Order, enter

**JUDGMENT** for Defendant, provide copies to counsel, and **CLOSE** the file.

**DATED** September 29, 2013.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13